IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JOHN J. GLAD,                          §
                                       §
            Plaintiff,                 §
                                       §
V.                                     §
                                       §          No. 3:14-cv-342-B-BN
PARKLAND HEALTH & HOSPITAL             §
SYSTEM,                                §
                                       §
            Defendant.                 §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge pursuant to 28 U.S.C. § 636(b) and an order of reference from the District Court. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation.

**Background**

John J. Glad brings this *pro se* civil action alleging that he was injured due to the negligence of employees of Defendant Parkland Health Hospital System and that he has received improper care that constitutes malpractice by the employees of Parkland Hospital and that he has been subjected to theft, fraud, and malfeasance in connection with his medical care. On January 28, 2014, Plaintiff commenced this lawsuit with a motion seeking an extension of the statute of limitations set forth under Texas statute. *See* Dkt. Nos. 3 & 4. He also filed an application to proceed *in forma pauperis*. *See* Dkt. No. 5. Because the information provided by Plaintiff in his pauper's

affidavit indicates that he lacks the funds necessary to prosecute this case, the Court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. *See* Dkt. No. 6. Plaintiff then filed an amended complaint on April 14, 2014. *See* Dkt. No. 8.

The undersigned now concludes that this case should be summarily dismissed for lack of subject matter jurisdiction. Plaintiff's motion to add a second email address and receive free PACER access [Dkt. No. 15] and his four pending motions to amend the appendices attached to his complaint [Dkt. Nos. 16, 17, 18, & 19] should be denied as moot.

### Legal standards

Federal courts have an independent duty to examine their own subject matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte.*" ). A federal court's jurisdiction is limited, and, unless otherwise provided by statute, federal courts generally may hear a case only (1) if it involves federal questions arising under the Constitution, laws, or treaties of the United States or (2) where diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. §§ 1331, 1332. A party seeking to invoke a federal court's jurisdiction must prove that jurisdiction is proper. *See Boudreau v. United States,* 53 F.3d 81, 82 (5th Cir. 1995). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

## Analysis

Plaintiff seeks to assert claims of "premises neglect and endangerment by attractive nuisance," malpractice, theft, and "fraud and malfeasance" in connection with a slip-and-fall during a visit to Parkland Hospital on January 27, 2012. *See* Dkt. No. 8. He contends that the Court has jurisdiction over these claims because "PHHS utilizes the funding of the United States Treasury, Congress, Medicare, Medicaid, et al[.], to finance the PHHS service platform and facilities." *Id.* at 9. He seeks federal relief because "the Tort legislation of recent years ... has depleted the efficacy of the practice of Personal Injury law." *Id.* at 10.

Federal jurisdiction is not conferred as to a hospital "solely because it receives medicare and medicaid funds and is subject to state regulation." *Wheat v. Mass*, 994 F.2d 273, 276 (5th Cir. 1993) (citing *Daigle v. Opelousas Health Care, Inc.,* 774 F.2d 1344, 1349 (5th Cir. 1985)). "The courts ... have uniformly dismissed claims of state action grounded merely on governmental funding and regulation where neither has fostered the challenged activities of private health care facilities." *Daigle,* 774 F.2d at 1349. Here, the specific conduct complained of by Plaintiff pertains to how he was treated while in Defendant's care and Defendant's lack of proper response to his medical issues. Even if the Court were to *sua sponte* determine that Parkland Hospital is a state actor by virtue of its connection to Dallas County, Plaintiff does not allege that any of his constitutional rights were violated under color of state law, so as to convey federal question jurisdiction under 42 U.S.C. § 1983. Plaintiff's complaint only asserts claims sounding in state law, such as negligence, fraud, and malpractice. He

has failed to establish federal jurisdiction over those claims by alleging a federal question arising under the Constitution, laws, or treaties of the United States. *See* Dkt. No. 8.

Neither is there any basis for federal diversity jurisdiction. It is apparent from the face of the complaint that Plaintiff and Defendant are citizens of Texas. *See* Dkt. No. 8. Thus, federal diversity jurisdiction is not proper. *See Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 373-74 (1978) (in order for a federal court to exercise diversity jurisdiction, the citizenship of all plaintiffs must be different from the citizenship of all defendants).

Accordingly, Plaintiff's claims should be summarily dismissed.

## Recommendation

Plaintiff's complaint should be summarily dismissed for lack of subject matter jurisdiction. Plaintiff's motion to add a second email address and receive free PACER access [Dkt. No. 15] and his four pending motions to amend the appendices attached to his complaint [Dkt. Nos. 16, 17, 18, & 19] should be denied as moot.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 26, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE